UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JEROME MARQUISE COOK, | No. 2:20-cv-0588 AC |
| Plaintiff, | |
| v. | ORDER |
| WEST, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 10. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

Plaintiff brings putative claims against Correctional Officer West of CSP-Sacramento for (1) retaliation; (2) deliberate indifference to serious medical need; and (3) emotional injury. ECF No. 1. The complaint alleges in sum as follows. On October 14, 2019, West was performing a security count. Plaintiff told West that he did not feel well. West said, "You gassed my boy fucker, I don't care that you feel dizzy," or words to that effect. Plaintiff began to vomit and passed out, hitting his head on the toilet and breaking his face in three places. West "still denied medical for over 10 minutes," at which point other staff arrived on the scene. Plaintiff was then taken to an outside hospital for care.

IV.   Failure to State a Claim

A.   Retaliation

Retaliation against an inmate by correctional officials violates the constitution when the adverse action is taken in response to the inmate's exercise of his First Amendment rights. To state a claim, plaintiff must allege facts establishing that (1) a state actor took some adverse action against him (2) because of (3) his protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The facts presented in the complaint do not state a claim for retaliation. Plaintiff alleges that West denied

medical attention because plaintiff had "gassed" another individual (presumably another officer). "Gassing" is not conduct protected by the First Amendment, so any retaliation cannot have violated plaintiff's First Amendment rights.

### B. Deliberate Indifference to Medical Need

To state a claim for violation of the Eighth Amendment by withholding or delaying medical care, plaintiff must plead facts showing (1) that he suffered from an objectively serious medical need, and (2) that the defendant acted with a culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991). That state of mind, deliberate indifference, exists only if the defendant subjectively knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). The allegations of the complaint do not state a claim under this standard. Plaintiff told West that he did not feel well, or that he felt dizzy—this does not show that West had any reason to know that plaintiff was about to pass out and fall against the toilet, or that his condition was otherwise dire. Accordingly, the facts do not demonstrate that defendant was aware of an excessive risk. Even if West knew that plaintiff was about to faint, the facts do not suggest that there was time for West to prevent plaintiff's injuries and that he deliberately chose not to do so. West's alleged ten-minute delay in summoning medical attention after plaintiff fell did not cause plaintiff's injuries, and there is no indication that such a short delay could have resulted in additional harm to plaintiff. Accordingly, the facts alleged do not support liability. See Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985) (delayed care does not implicate Eighth Amendment unless the delay itself causes additional harm).

### C. Emotional Injury

"Emotional injury" is not a claim or a cause of action. Damages for emotional distress are a type of remedy for violation of a plaintiff's rights. Plaintiff is informed that the Prison Litigation Reform Act limits emotional distress damages to cases in which plaintiff has proved a physical injury. See Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). In this case, that means that plaintiff may only recover for emotional injury from this incident if he proves that Officer West is liable for violating plaintiff's rights in a way that caused his physical injuries.

V.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief.  The incident you describe does not support a retaliation claim.  A retaliation claim may be brought only when a prison official treats an inmate badly because of the inmate's First Amendment activities.  As for your deliberate indifference claim, Officer West can only be liable if he knew there was an excessive risk to your health or safety and

ignored it, causing you harm.  From the facts you describe, it seems that Officer West could not have known in advance that you were at high risk serious injury.  His failure to get medical help for ten minutes after you fell might have been wrong, but there are no facts showing it hurt you.  Finally, "emotional injury" is not a kind of claim.  You may seek damages for emotional injury as a type of relief, but you can only get them if you (1) state a claim that Officer West violated your Eighth Amendment rights and (2) later prove that his actions caused you physical injury.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////

////

////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 10, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE